UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  5:23-cv-01160-MCS-RAO | Date  September 11, 2023 |
| Title  *Nelson Chilin v. Jorge Gutierrez et al* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER OF DISMISSAL

Plaintiff brings this action for violation of the Americans with Disabilities Act ("ADA"). The Court ordered Plaintiff to show cause why the ADA claim should not be dismissed without prejudice for lack of standing. Plaintiff filed a response.

Courts are obliged to examine jurisdictional issues on their own motion. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). To support Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The injury in fact must be "both concrete *and* particularized." *Id.* at 334 (internal quotation marks omitted). "[U]nder Article III, an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).

To satisfy Article III standing requirements, an ADA plaintiff must provide "a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). "[A]n ADA plaintiff can show a likelihood of future injury when

he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id.* at 950. "An ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury. He lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Id.* at 953. "[W]hile past actions may constitute 'evidence bearing on whether there is a real and immediate threat of repeated injury,' they are not necessarily dispositive evidence." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017) (citation omitted).

Plaintiff has not plausibly alleged an actual or imminent injury that would provide standing to seek injunctive relief under the ADA. Indeed, Plaintiff does not even offer a threadbare allegation concerning his intent to return. For the first time in the response, Plaintiff submits that he "was deterred from entering the business and wishes to return and patronize the business but will only return when the barriers are remediated."

This allegation would not suffice even if it were pleaded. Without substantiating facts, the allegation is nothing more than "a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *see Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015) ("A plaintiff's 'profession of an "inten[t]" to return to the places [he] had visited before' is not sufficient to establish standing because '[s]uch "some day" intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the "actual or imminent" injury that our cases require.'" (alterations in original) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992))); *id.* ("To establish standing based on deterrence, an ADA plaintiff must demonstrate that he would return but for the barrier. Plaintiff's conclusory statements that he is deterred from visiting Sears are insufficient to demonstrate that he would shop at Sears if it were accessible." (citations omitted)); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1341 (E.D. Cal. 2020) ("Mere conclusory assertions that an ADA plaintiff intends to return and is deterred from returning to a place are insufficient.").

Nothing in the record establishes the proximity of Plaintiff's residence to the business, the regularity of Plaintiff's visits to that area, or an explanation of why Plaintiff prefers this accommodation over other comparable locations. *Cf. D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (discussing cases where plaintiffs established standing). Plaintiff has not pleaded facts substantiating an intent to return to Defendant's business establishment, let alone the area in its vicinity. *See, e.g.*, *Chapman v. Pismo Food Store*, 710 F. App'x 769, 770 (9th Cir. 2018) ("Chapman also failed to demonstrate an intent to return to the store. Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store."); *Strojnik v. Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. 2020) (affirming dismissal of ADA action for lack of standing based on plaintiff's failure to adequately demonstrate intent to return).

Plaintiff asks for leave to amend the Complaint. The Court "is powerless to grant leave to amend when it lacks jurisdiction over the original complaint." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 n.2 (9th Cir. 1988). Although "[d]efective allegations of jurisdiction may be amended," 28 U.S.C. § 1653, nothing in the response suggests Plaintiff had standing to bring this case in the first place. In any event, Plaintiff offers no allegations that might be added to the pleading to meet his burden to plead an Article III injury, raising an inference that amendment would be futile. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a court's refusal to grant leave to amend."); *cf. Brooke v. 247 Hotels Bev., LLC*, No. 22-55682, 2023 U.S. App. LEXIS 20310, at *2 (9th Cir. Aug. 7, 2023) (affirming dismissal for lack of standing, noting that "[a]lthough the district court did not . . . provide [Brooke] leave to amend her complaint, on appeal Brooke does not specify what additional facts she would have pleaded to establish standing").

The ADA claim is dismissed without prejudice for lack of subject-matter jurisdiction. All claims now have been dismissed, so the Court directs the Clerk to enter judgment and close the case.

**IT IS SO ORDERED.**